Ms. Stacey Witherell Employee Services Manager Little Rock Human Resources Department 500 West Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the city of Little Rock has received a request for certain records relating to two employees of the Little Rock Police Department. You have indicated a general concern that the release of certain records would constitute an invasion of privacy, and have therefore asked for guidance concerning their release. The records about which you have expressed concern are:
 • Change of address forms — You express concern that although the employees' home addresses are exempt from disclosure, the release of a form documenting that a change of address has occurred could constitute an invasion of privacy if the file contained numerous such forms. Your concern is that the release of numerous forms could indicate personal matters such as an unstable family life, financial trouble, etc.
 • Payroll forms documenting military leave and other types of leave of absence — You express concern that the release of payroll forms that document military leave or any other type of leave of absence could reveal when an employee would be away from home, thus possibly leaving his family members vulnerable. You also express concern that if the leave were military leave, the release of that information could give rise to retaliation by a requestor who does not support the military mission. Finally, you express concern that revealing the fact that leave was taken for the purpose of resolving some kind of personal problem (such as drug rehabilitation) could constitute an invasion of privacy.
 • Documents notifying the employee of an internal affairs investigation — You express concern about the release of documents notifying employees of the existence of an internal affairs file on the employee, because internal affairs files are sometimes created in response to unsubstantiated complaints, or complaints that resulted in a decision that no disciplinary action was necessary.
In addition to requesting guidance on the release of the above-listed records, you note that both of the employees have objected to the release of all records and information contained in their personnel files, and you have therefore requested, on their behalf, an opinion concerning the release of those records. You have provided one of the employees' personnel files for my review. You have not provided the personnel file of the other employee.
RESPONSE
As an initial matter, I must note that you have not indicated whether you have made a determination concerning the release of the requested records. I am directed by law to evaluate the determination that is made by the custodian of the records concerning the release of requested records. A.C.A. § 25-19-105(c)(3)(B). I am not authorized to advise the custodian in making that determination. Such advice should be obtained from the city attorney.
Nevertheless, because your expressions of specific reservations about the release of certain records could reflect a determination that these records should not be released, I will respond to your questions to the extent of setting forth the principles that should govern a decision concerning the release of such records, in light of your expressed reservations. You have not specified your determination concerning the release of any of the other records contained in the personnel file that you have provided, or concerning those contained in the other employee's personnel file. I interpret your silence to reflect a determination that the remainder of the records in these files (i.e., those other than the ones about which you have expressed specific concern, as discussed above) should be released. I will therefore set forth the principles that should govern the release of the records contained in these personnel files.
The Records About Which You Have Expressed Concern
You are correct that there is no exemption that would specifically authorize withholding from disclosure change of address forms,[1]
payroll forms documenting leaves of absence,[2] or internal affairs notification documents. These records constitute "personnel records," within the meaning of the FOIA, and their release must be governed by the standard that is applicable to personnel records. That is, they must be released unless their release would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12).
It is my opinion that change of address forms, payroll forms documenting leaves of absence, and internal affairs notification documents are generally presumed to be releasable, with specifically exempt information redacted. Some of my predecessors have addressed the question of the releasability of payroll forms and other records reflecting leaves of absence. They have opined that these records should be released, and if they contain exempt information, such as medical information, that information should be redacted before the records are released. See,e.g., Ops. Att'y Gen. Nos. 93-300; 91-003. This office has not specifically addressed the releasability of internal affairs notification records. However, it is my opinion that such records are analogous to records that notify employees of personnel action without giving any details. My predecessors have opined that such records are personnel records and are presumed to be releasable. See, e.g., Op. Att'y Gen. No.2000-267. Regarding the home addresses of police officers, this office has opined, relying upon Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998), that such addresses can be withheld from disclosure if the facts of the case indicate that the officer has a heightened interest in keeping this information private. See, e.g., Ops. Att'y Gen. Nos.2001-091; 2001-063; 2001-028. However, this office has never addressed the question of whether the sheer number of address change forms could justify withholding such forms from disclosure, even with the addresses redacted.
I reiterate that the types of records about which you have expressed concern are presumed to be releasable. However, the question of whether the release of these (or any) records would constitute a clearly unwarranted invasion of the employee's personal privacy is a question of fact that must be determined on the basis of all the relevant circumstances. This is a determination that you, as the custodian of the records, must make. It is plausible that an argument could be propounded to support a contention that the release of the records you have described could constitute a clearly unwarranted invasion of the employee's personal privacy under certain specific circumstances. However, it would be necessary for you to show that the facts of the case warrant withholding these records from disclosure, since they are presumed to be releasable. Only a court can rule on the question of whether the factual evidence presented supports the contention. It should be noted that if it is concluded that any of these records contain information that should be withheld from disclosure under the "clearly unwarranted" standard, and if it is possible to redact that information, the information must be redacted and the remainder of the record must be released. See A.C.A. § 25-19-105(f)(1).
The Personnel Files
The records contained in the personnel file that you have provided all constitute personnel records, with the exception of the records containing commendations of the employee by the employer (including any of the employee's supervisors). These commendations written by the employer constitute the employee's employee evaluation/job performance records. It should be noted that commendations written by third parties (i.e., by persons other than the employer) constitute personnel records.See, e.g., Ops. Att'y Gen. Nos. 2002-235; 2001-144.
In my opinion, the personnel records in this file do not contain information the release of which would constitute a clearly unwarranted invasion of the employee's personal privacy, and should therefore be released, with specifically exempt information (such as addresses, medical records, driver's license photo, and social security numbers) redacted.
The employee evaluation/job performance records in the file are exempt from the disclosure requirement unless the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding (note that the presupposition of this requirement is that the employee has been suspended or terminated;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
I cannot evaluate the releasability of any of the records that are contained in the other employee's personnel file, because that file has not been provided to me. However, I can state that the release of any personnel records or employee evaluation/job performance records contained in that file will be governed by the principles set forth above.
I also note that this employee has expressed concern about harassment. In at least one case, the Arkansas Supreme Court gave credence to the possibility of harassment of police officers and their families in determining whether certain requested information (home addresses of police officers) should be released under the "clearly unwarranted" standard. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
I reiterate that any specifically exempt items of information that are contained in any records that are released (such as medical information or social security numbers) should be redacted before the records are released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] A new amendment to A.C.A. § 25-19-105(b)(13) that will become effective on July 16, 2003 will exempt the home addresses of local government employees from disclosure. See Acts 2003, No. 213.
[2] It should be noted that any medical information or information that is subject to any other specific exemption from disclosure that may be contained in this or any other type of document should be redacted if the record is released. The specific exemptions are listed in A.C.A. §25-19-105. Exemptions may arise out of other state or federal laws. For example, social security numbers should be redacted. See5 U.S.C. § 552a, note.